900-15

No. F-1258513-J

IN THE

Court of Criminal Appeals

OF Texas

ORIGINAL

Theodore Roosevelt Arthur, Appellant

VS

THE STATE OF TEXAS, Appelle

APPELANT'S PETITION FOR DISCCETIONARY REVIEW

IN Appeal No. 05-15-00439-CR

from the

for the Fifth Judical District

Dallas, Texas

FILED IN
COURT OF CRIMINAL APPEALS

JUL 21 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 16 2015

Abel Acosta, Clerk

Theodore Roosevelt Arthur

Pro SE Counsel

B.I.N. #14017194

Dallas County Jail
P.O. Box #660334

Dallas Texas 75266

0334

(1)

To Who it May Concern,

I Apologize for the dark spots on the brief, but Dallas County only gives half pencils with no erasers to erase mistake. All the steps or Information is in the brief. Dallas County County counts the number of pages that you are allow to have per Inmate, So again please Read my brief. Inmates are not allow to use the type writer and there is No computer for Inmates usages, All Law books are either outdated or damage that they are no use for Inmates.

(1) Amendment Violates

(2) Denied Suppression motion

(3) Discretional Abuse and Err

(4) Conflict Rules different from U.S.C.A. and Criminal Court of Appeal holding on cases

(5) Probation gross violation

(6) No Exigency support

(7) Offical Record is convicted of Less than 5 LBS serving A 5yr felony sentence.

(8) etc....

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 16 2015

Abel Acosta, Clerk

Wounded Warrior (Veteran)
Theodore Roosevelt Arthur 33°
Dallas County Jail

B.I.N. 14017194

# A Legal System With No Justice

The term Usurpation was used by the founders of this Great Country for a reason: To Abridge the common defense was in term fore seen. The term whether parable and dark saying or mere riddles Are Indiction of saying with much greater Meaning or "deeper truth And teaching" with a point.

Give ear to the Saying of our ancient Laws of old: Incline your ears And eyes to the words of my written thoughts, I will open my mouth with my writting in a parable from eons ago:

## — THE PREAMBLE —

We the People of the United States in Order to form [to mold, to create, to fashion, to develope] A more perfect union, establish Justice - [the Law when it is Applied or carried out in a fair way, equal, fairness; Impartiality] INSure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty - [freedom, Right, privilege] to ourself, to ourselves and our Posterity do ordain - [to order by one's authority or by Law] and establish - [to set something up, to solidify, to secure, to validate, to prove, to create, to found, to substantiate] this Constitution for the United States of America,

In Congress July 4, 1776 A declaration by the Representatives of the United States of America In General Congress Assembled: Yea We Say: When in the course of human events, it becomes Necessary for One People [to dissolve] the Political Bands which have connected them with another and to Assume Among the Powers of the Earth the separate and equal Station to which the Law of Nature and of nature's God entitle them, A decent Respect to the opinions of Mankind Requires that they should declare the causes which impel them to the Separation [to stand up].

Theodore Roosevelt Arthur

# A Legal System with NO Justice

It further goes on to say: We hold these Truths [Accuracy, correctness, factual, proven, honest] to be self-evident, that ALL MEN are created equal, that they are endowed - [to give a good quality or Ability] by their creator with certain inalienable immutable Rights, that Among these are Life, Liberty and the Pursuit of Happiness - That to Secure these Rights, Governments are instituted Among Men, deriving their Just powers from the CONSENT of the Governed [the people], that when ever any form of Government becomes destructive of these Ends it is the Right of the People (or that Individual) to Alter or to Abolish [to challenge, to emancipate] and to INSTITUTE New Government, Laying the Foundation on such Principles and organizing its Powers in such Forms, As to them [to him or her] shall seem most Likely to effect their Safety and Happiness....

Yet they also said: "... And accordly all experience hath shewn that mankind are more disposed to suffer while Evil are sufferable, than to Right themselves by abolishing the Forms to which they are accustomed or (cultivated there in)...."
To prove this, Let Facts be submitted to a candid world...
Defecting the Voice of Justice and of Consonquinity is to A prove Injustise in it many different disquise
Will those who are the Guardian of those common defence MERELY Adhere to the Perfunctory of such Usurpation abridgment of the Common man Rights for this Criminal Court of Appeals is not bound by such discretionary Legal jargon in the interpretation of the Lower-courts Hinderance, negation or the denial of the Common Man Rights is Injustice For ALL

Theodore Roosevelt Arthur

No. F-1258513-J-R

IN THE

COURT OF CRIMINAL APPEALS

OF Texas

Theodore Roosevelt ArtHur, AppeLLant/Petitioner

VS

THE STATE OF TEXAS, Appellee/Respondent

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner Respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner Request oral argument in this case because such argument may assit the Court in applying the facts to the Issues Raised. It is suggested that oral argument may help simplify the facts and clarify the Issues.

## GOD'S WARNING

P.S. God said "Do not touch My ANOINTED ONES, And do My prophet NO HARM. [see Psalm 105:15] Anointed June 8, 2002 By Bishop Fred D. Jacobs

## STATEMENT OF THE CASE

Appellant was charged with 50 pounds or less but more than five pounds of marijuana, A third-degree felony punishable by confinement in the Institutional Division of the Texas Department of Criminal Justice for two to 10 years, with a fine not to exceed 10,000. (CR.19,72) Tex. Health & Safety Code §§ 481.121; Tex. Pen. Code. § 12.34. Appellant pleaded not guilty, but a jury found him guilty on January 16, 2014 (R.5 142; R.6 203) On March 21, 2014 trial court sentence Appellant to 2yrs probation and Revoke probation that same day for cause of dirty urine analysis from A previous 2011 dismiss probation As ground to sentenced Appellant to confinement in the Institutional Division for 5yn, with no fine. (CR. 75: R9 260; R.10 4) Appellant filed a Motion for New Trial on March 25, 2014 which was denied by written order, and Appellant filed his NOTICE OF Appeal on the same day. (CR. 77-78)

¹ The regular judge of the Criminal District Court Number Three is the Honorable Pat McDowell.

P.S. I set before this Most Esteem AND HONORABLE Court this Ancient Question Ask Job By Eliphaz: "Who ever perished, being INNOCENT?" [Job 4:7] Bildad's, Eliphaz and Zophar were ALL wrong about the True Man of God.

Minister Theodore R. Arthur

Ordain and LICENSE

"EGŌ EIMI Theos Adelphō dosis aga the pisteuo "Theos Sharas" - (GREEK)

(II) III

# STATEMENT OF PROCEDURAL HISTORY

In Cause No. F1258513-J the Appellant/Petitioner was charged with the offense of Possession of Marijuana. The Appellant/Petitioner was convicted of such offense on January 16, 2014 and Appeal the conviction. On June 15, 2015 the Dallas Court of Appeals affirmed the conviction. No motion for Rehearing was filed. On Dec 16, 2014 this Petition for Discretionary Review was timely forwarded to the Court of Appeals for filing to Rule 9.2(b) Texas Rules of Appellate Procedure.

NOTE: Is this Appellant An "Honorable Discharge Disable Veteran" who served this country to be the next innocent citizen to go to jail for a crime that he did not commit. Will this Innocent man be the next: Joyce-Ann Brown served 9 yr (exonerated); Micheal Phillips served 12 yrs (exonerated); Lindsey Gearld served over 20 ye was (exonerated). Does this Appellant who fought for these Rights not even worthy of Each A consideration from those who Are to Protect and oversee that none of the Lives of one single American is ever to be counted as worthless, expendable or useless. This American has shown his love for his country, for this American Man is One of those "Wounded Warrior" who fought for these Right which are guarantied to ALL citizen of this United States. "Who will fight for Him now". Will You! "Remembering those who served our country, Let us not forget the price some did paid with their very Life. Do you stand for those who served. Will the color of one's skin Again Shackle Justice And Blind Liberty. One man, One Voice, One People FOR, God sees NO Color" One Man Touch The world

# Certificate of Ordination

We, the undersigned, upon the recommendation and request of the church body, which had full and sufficient opportunity for judging and examining the God-given gifts, Christian experience, &t to the ministry, and views of Bible doctrine, hereby certify that

**THEODG ARTHUR**

was solemnly set apart and ordained to the work of

## The Gospel Ministry

by authority and order

of the _____ NEW REVELATION FULL GOSL BAPTIST _____ Church

at _____ 233 East 67th STREET S3REVDRT LOUISIANA

on the __2nd__ day of __JUNE__ __2002__

DR. FRED D. JACOBS, SR.
*Officiating Pastor*

RE MOSES ROLAND
*Chairman, Ordaining Council*




## Department of Veterans Affairs

1250 POYDRAS ST STE 200
NEW ORLEANS LA 70113

February 15, 2013

Veteran's Name:
Arthur, Theodore, Roosevelt

THEODORE R ARTHUR
7463 CONCORDIA LN
DALLAS TX   75241

This letter is a summary of benefits you currently receive from the Department of Veterans Affairs (VA). We are providing this letter to disabled Veterans to use in applying for benefits such as housing entitlements, free or reduced state park annual memberships, state or local property or vehicle tax relief, civil service preference, or any other program or entitlement in which verification of VA benefits is required. Please safeguard this important document. This letter replaces VA Form 20-5455, and is considered an official record of your VA entitlement.

### --America is Grateful to You for Your Service--

Our records contain the following information:

### Personal Claim Information:
Your VA claim number is: ▓▓▓▓▓
You are the Veteran

### Military Information:
Your character(s) of discharge and service date(s) include:

    Army, Honorable, 22-Nov-1983 - 26-Mar-1984
    Army, Honorable, 29-Sep-1987 - 04-Aug-1989

✱(You may have additional periods of service not listed above)

### VA Benefits Information:
✱Service-connected disability:  Yes [Desert Storm]
    Your combined service-connected evaluation is: ▓▓PERCENT
    The effective date of the last change to your current award was:  01-DEC-2012
    Your current monthly award amount is: ▓▓▓▓

You should contact your state or local office of Veterans' affairs for information on any tax, license, or fee-related benefits for which you may be eligible. State offices of Veterans' affairs are available at http://www.va.gov/statedva.htm.

### Need Additional Information or Verification?
If you have any questions about this letter or need additional verification of VA benefits, please call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833. Send electronic inquiries through the Internet at https://iris.va.gov.

Sincerely yours,

S. KELLY
VETERANS SERVICE CENTER MANAGER




# FACESHEET

Doctor Name: **ERIN H. NGUYEN, M.D.**     Exam Date: **11/03/13 @ 03:00 pm**

Claimant Name: **THEODORE R ARTHUR**     VES Claimant #: ~~_____~~
Address: **7463 CONCORDIA LANE**     DOB: **06/18/1963**
     Gender: **M**
City: **DALLAS**     State: **TX**  Zip: **75241-**     SSN: **xxx-xx-0255**
Phone/Ext. (Day): **(214) 403-3813**     CSR/QA/Team: **Rand Lempert**
Phone/Ext. (Night): **(972) 228-4334**
e-mail: **theodorearthur0618@gmail.com**

VA Claim #: **434110255**     VSO: **349**
VARO Address: **ONE VETERANS PLAZA, 701 CLAY AVE, WACO, TX  76799**
RO Code: **349**     Exam Coordinator: **Rand Lempert**
Periods of Service: EOD: **11/22/1983**   RAD: **8/4/1989**
Case Type: **1**

Medical Records   ☒ Y   ☐ N     Medical Opinion   ☐ Y   ☒ N

AMIE worksheet(s) requested by VA

| 1015 DBQ MEDICAL OPINION  - COMPLETE VERSION |
| 2045 DBQ ANKLE CONDITIONS |
| 2075 DBQ BACK (THORACOLUMBAR SPINE) CONDITIONS |

*Height 6' 1*
*Weight 235*

Specialty exam   ☐ Y   ☐ N

Verifiable stressor( only for PTSD claims)

Claimed Conditions

✱ BACK CONDITION   *Desert Storm Injuries*

Service Connected Conditions

✱ STATUS REPAIR, RUPTURED RIGHT ACHILLES TENDON   *Desert Storm Injuries*

Special Instructions for the provider

QUESTION 1 OF 1: PLEASE COMPLETE SECTION FOUR AND THE EVIDENCE REVIEW IN THE MEDICAL OPINION DBQ AND STATE WHETHER THE VETERAN'S BACK CONDITION, IF FOUND, WAS AT LEAST AS LIKELY AS NOT (50 PERCENT OR GREATER PROBABILITY) INCURRED IN OR CAUSED BY THE INCIDENT THAT OCCURRED APRIL 13, 1988 WHEN THE VETERAN FELL FLAT ON HIS BACK.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .................................... 8i/9i

Statement REGARDING ORAL Argument ............. 2i/6i7i

Statement OF THE CASE ............................ 3i

Statement of PROCEDURAL HISTORY .......... 4i

GROUNDS FOR REVIEW ...................... 5i/7i

OPENING STATEMENT ........................... 9i

(I) Trials court abuse of discretion err in its Allowing of a tainted CONSENT form gain through threats, deceit and illegal tactics. [4th Amend]

GROUND FOR REVIEW NO. TWO

(II) Trial court denied Appellant Motion TO SUPPRESS evidence which is A violation of Appellant Fourth and FOURTEENTH AMENDMENT Rights conjoin with Vernon's Ann. Texas Const. Art 1 §9

GROUND FOR REVIEW NO. Three

(III) Trial court Abuse of discretion where the official charge on RECORD in TDC-J is convicted of Less than 5 lbs [misdemeanor] Serving (6 yrs) felony charge. State fail to show any exigency exic At time of arrest; illegal entry in home; harboring of serious armed and dangerous criminal; Any Attempt to destroy illegally gain evidence; Any threat from occupant within home; NO signs search warrant; fail to prove ownership property

Ownership — means custody, control, care, manage and change (1) proprietor, Landowner, Landlord, having, holding, claim, deed, title, buying purchasing, occupancy, Residence, tenancy, dominion.

(1) Appellant does not Live At nor Reside nor Rent or hold title or deed.
(1) Appellant is not the Grantor of property [Something granted as one's property or a right, permission, bee privately own, owned, owner

Return To:
ALETHES, LLC

8601 RANCH ROAD 2222, BLDG 1, SUITE 150
AUSTIN, TX 78730

Prepared By:

8601 RR 2222, BLDG 1, STE 150
AUSTIN, TX 78730

LOAN NO.: 0000234236
ESCROW NO.: 07-0005553

———————————————————————— [Space Above This Line For Recording Data] ————————————————————————

**State of Texas**



MERS Phone: 1-888-679-6377

# DEED OF TRUST

FHA Case No.

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

THIS DEED OF TRUST ("Security Instrument") is made on          MAY 06, 2008
The Grantor is
JESSICA RENEE TURNER, A SINGLE WOMAN

("Borrower"). The trustee is

DON HARRIS

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

ALETHES, LLC

# TABLE OF CONTENTS

Arguement ONE .................................... 1-8

Arguement Two ..................................... 9-11

Arguement Three ................................... 12-15

CERTIFICATE OF Service ........................ 16

APPENDIX [Opinion] ........................... Attachments

[1] The INtermediate Court of Appeal did confer some information on finding that was not in Stat's brief or part of Trial Recorded Record. This Lower Court of Appear did not Apply the need for exigency to any of the issues of matters such as "What prevented train officer's from obtaining the Legal Binding mandated "SIGN Search warrant" from the proper chain of command. No where in State brief do they state Any where that OFFICER Cano found "multiple" marijuana plants behind Owner's home. Again Dallas Norcotic Team ARRived not just one Detective as Appeal Court Suggest, State's entire brief As A fact of matter of Record states that one (1) plant was found As shown from pictures taken by Dallas own Police Officers At scene of incident. State's brief gave no declaration of Amount of time spent in home, this is only suggest by Court of Appeal, no such proof that time was "only" less than a minute. It was not officers who Allege Appellant and witness was getting into A car, it was only in State's brief was this Alleged As did state also add "wooded area" to Report.

[No wooded Area]                (VII) iiiiii

# GROUNDS FOR REVIEW

## I.

Trial court denied Appellant's Motion To Suppress evident which is A violation of Appellant Fourth and Fourteenth Amendment Rights conjoin with Vernon's Ann. Texas Const. Art 1. § 9 NO exigency or exigent circumstances exist

## II

Trial court abuse of discretion err in it Allowing of A taint consent form gain through threats, deceit and illegal tactics into jury presence- verbal and physical duress, verbal and physical coercion by officers

## III

Trial court abuse of discretion where the official charge on Record in TDC-J is officially "Less Than 5 Lbs" convictions. State fails to show the following: (1) Existence of any "exigency" at time of arrest; (2) NO warrant, illegal entry on property and into home; (3) State fail to show harboring of serious Armed and dangerous subject; (4) State fail to show any attempt to harbor serious dangerous subject, Attempt to destroy illegally gain evidence, Attempt to Resist officers; (5) NO safety threat posed by the house or more property by unseen third parties in house; (6) NO specific and articulable fact of any safety threats or concerns; (7) State's extraneous charges or Allegation erroneous As A Result is probative harmful to Appellant, not prove by fact finder of Record; (8) State use officer Belief As grounds to Allow officer to wilfully and knowingly committ the violation of property, home and Rights in U.S.C.A. 4th Amendment, Vernon, Tex. Const. 1 § 9

## IV

# INDEX OF AUTHORITIES

CASES: Quintanilla vs Stat (Cr. App 2007)2007 WL 1839805

Maryland vs Buie, 494 U.S. 325 (1990)

Turrubiate vs State, 399 S.W. 3d 147 (2013)

Reasor vs State 12 S.W. 3d 813 (2000)

Reasob vs State 988 S.W. 2d 877, 882 (Tex. App-San Antonio 1999)

United States vs Oguns, 921 F. 2d 442 (2d Cir. 1990)

Schneckloth vs Bustamonte, 412 U.S. 218, 219, 93 S. Ct 2041, 36 L.Ed. 2d 854 (1973)

Katz vs United States 389 U.S. 347, 357, 88 S. Ct. 507, 19 L.Ed 2d 576 (1967) See also Aldrich vs State (App 2 Dist 2009) 296 S.W. 3d 225

STATE vs Ibarra 953 S.W. 2d 242, 243 (Tex. Crim. App 1997)

Lackey vs State, 638 S.W. 2d 439, 447 (Tex. Crim. App. 1982)

Terry vs Ohio, 392 U.S. 1, 24, 88 S.Ct 1868, 20 L.Ed 889 (1968)

Michigan vs Long, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed. 2d 1201 (1983)/See also Tanner vs State (App 7 Dist 2011) 335 S.W. 3d 784

Chimel vs California 395 U.S. 752, 89 S.Ct 2034, 23 L.Ed. 2d 685 (1969)/See Also Thomas vs State (App 7 Dist 2012) 379 S.W 3d 436

Payton vs New York, 445 U.S. 573, 602-603, 100 S.Ct 1371 1388-1389 63 L.Ed. 2d 639 (1980)/Thomas vs State (App 7 Dist 2012) 379 S.W 3d 436

Skinner vs Railway Labor Executives' Assn, 489 U.S. 602 109 S.Ct 1402, 103 L.Ed. 2d. 639 (1989)

United States vs Villamonte-Marquez, 462 U.S. 579, 588 103 S.Ct. 2573, 2579, 77 L.Ed 2d 22 (1983)

Camara vs Municipal Court of San Francisco, 387 U.S. 523 536-537, 87 S.Ct 1727, 1734-1735 18 L.Ed 2d 930 (1967)

# INDEX OF AUTHORITIES

United States vs Hasting, 461 U.S. 499, 516-519, 103 S.Ct 1974, 1984-1985, 76 L.Ed. 2d. 96 (1983)/ See Johnson vs State (App 2 Dist 2008) 233 S.W.3d 420

United States vs Place, 462 U.S. 696, 714, 103 S.Ct 2637, 2648, 77 L.Ed. 2d 110 (1983)/ McCarty vs State (App 6 Dist 2007) 227 S.W. 3d 415

United States vs United States District Court, Eastern District of Michigan, 407 U.S. 297, 313, 92 S.Ct 2125, 2134, 32 L.Ed. 2d 752/ See also Johnson vs State (CA. App 2009) 286 S.W.3d 346

Ybarra vs Illinois 444 U.S. 85, 100 S.Ct 338, 62 L.Ed. 2d 238 (1979)/ See also Aldrich vs State (App 2 Dist 2009) 296 S.W 3d 225

United States vs Sokolow, 490 U.S. 1, 109 S.Ct 1581, 104 L.Ed. 2d 1 (1989)/ In RE Cherry (App 3 Dist 2008) 258 S.W.3d 388

Valtierra vs State, 310 S.W. 3d 442, 447-48 (Tex, Crim, App 2010)

O'Hara vs State, 27 S.W. 3d 548, 551 (Tex, Crim, App. 2000)

Rachal vs State, 917 S.W. 2d 799, 809 (Tex. Crim. App. 1996)

McNairy vs State 835 S.W.2d 101, 106 (Tex. Crim. App 1991)

Gutierrez vs State 221 S.W. 3d 680, 685 (Tex. Crim. App 2007)

Kentucky vs King U.S. 131 S.Ct 1849, 179 L.Ed. 2d 865 (2011)

Shepherd vs State 273 S.W. 3d 681, 683-84 (Tex. Crim. App 2008)

Poindexter vs State 153 S.W.3d 402, 402 (Tex. Crim App 2005)

Miller vs State 393 S.W. 3d 255, 266 (Tex. Crim. App 2012)

Johnson vs State, 226 S.W. 3d 439, 443 (Tex Crim. App 2007)

Jarvis vs State (App 2 Dist 2011) 353 S.W. 3d 253

U.S. vs Ramirez 676, F.3d 755, 761-63 (8th Cir. 2012)

Carswell vs State (App 8th Dist 2013) 415 S.W. 3d 507

State vs Fielder (App 10 Dist 2011) 376 S.W. 3d 784

(IX)

# Statues And Rules

Tex. Code Crim. Proc. Art 36.14

Tex. Code Crim. Proc. Art 36.19

Tex. Code Crim Proc. Art. 38.23 (A)

Tex Health + Safety Codes § 481.121

Tex. R. App. P. 33.1

Tex R. App P. 44.2 (b)

Tex. Code. Crim. Proc. Art 13.03 / Tex. Code. Crim Proc. Art 18.03

## Constitutional Right

U.S. Constitution Amend IV

U.S. Constitution Amend XIII

U.S. Constitution Amend VI

U.S. Constitution Amend IX

Vernon's Ann. Texas Const. Art 1 § 9


What is Heresay?

Does the view of First Hand Witness count which Appellant was?

IN THE

Court of Criminal Appeals

Fifth District of Texas at Dallas

NO. 05-15-00439-CR

THEODORE ROOSEVELT Arthur, Appellant

V.

THE STATE OF TEXAS, Appelle

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F-1258513-J

## Motion For New Trial, VACATE, Dismial or Acquital

Now comes the Defender in the above cause And by Pro Se Attorney and moves this Honorable Court of Criminal Appeal to grant defender A New Trial, vacate of sentence, dismal or acquittal for the good and sufficient Reason that verdict IS contrary to and do Holy conflict with the Law of evidence, As it does not comply with the establish holding decision and held views or opinion of the court of Criminal Appeals or the Supreme Court of the United States

## OPENING STATEMENT

That As A result of the State Prosecutor Allegation of erroneous wrongs of felony conviction Insufficient evidence was Allow to be give to jury and Judge which conflict with SCOTUS holdings

# OPENING STATEMENT

As it also conflicts with the Court of Criminal Appeals held ruling and it's decision. Court of Criminal Appeal has ruled that statement written or orally made during trial refuting State's Prosecutor prosecution claim that he WAS A CONVICTED felon and had been convicted of felonies was A fabrication of Allege erroneous wrongs and conviction. Where such statement was unknown or either unavaible or unaccessable to defendant at time of trial, defendant's failure to discover or obtain statements was not due to Lack of his diligence., Such statements Are admissible and is not merely cumulative corroborative, colloteral or Impeaching and such statement(s) was probably true and would bring About A different result on another trial and establish the existence reasonable grounds showing the defendant could be entitled to relief. [Carsner v State (App. 8 Dist 2013) 415 S. W. 3d 507 petition for discretionary Review granted.] Criminal law key 938()

As A result of State failure to prove that defendant had in fact been convicted of any prior felonies of erroneous wrongs, crimes or act of extraneous offenses was never advised by State notice of such evidence might be Introduced at trial. Defendant filed Motion of Erroneous and Extraneous under The Rule of 803,804,805 714, 615 Against such irrelevant and not pertinent or essential to case, State Prosecutor Introduce such extraneous offenses to jury at trial: Assault of a public servant, possession of a controlled substance, two possession of a dangerous drug offenses, two deadly conduct offenses, assault causing bodily Injury – family member, and

(XI)

## OPENING STATEMENT

two violation of a protection order offenses which were introduce As conviction of felonies. State evidence was insufficient evidence which did not show A conviction on any of the charges named before jury As conviction of felonies. State fail to prove that defendant had committed any prior erroneous or extraneous act of wrong or criminal doing in ~~faith~~ he was not convicted on Any charges.

The criminal court will find within this hand written brief photo copies of points Appellant was concern with and did object properly during trial by Judge and jury And was also written in motions such Amendment violation As 4th, 6th, 9th, 14th ~~etc~~.... State's eregious Abuse of discretion, power and it's Authority was harmful to Appellant Rights to A untainted fair trial. State fail to observe the Rule of Law and evidence in that Appellant was not allow to cross-examine un aniomous tipster As Request in motions. Appellant was not allow to cross-examine Officer Aguino of scene of arrest who was under criminal investigation for violation and wrongful act while on duty in criminal cases.

The photo copies are in fact of matter goin by Appellant within the Lost month due to his Due Diligency to his own cause to see justice prevail As the Original Founder of this country meant where As the stakment" to provide for the common [man] defense do I defend before this esteem panel of "Jurist" of such wisdom, knowledge and understanding of THE MEANING OF common Law and it's true scope.

(XII)

```
                      ARREST REPORT    REVIEWED
SERVICE#:0186048 Z        SUPPLEMENT REPORT01       TCB:0126
                                              ICE:0223   OID:MDT
  #10280. A CHECK OF JISS AND TLETS SHOWED NO PRIOR FELONY CONVICTIONS.
THE SMALL BAGGIE OF MARIJUANA AND SEEDS WITH PACKAGING WEIGHED FIFTEEN
AND SEVEN TENTHS GRAMS. THE PACKAGING ALONE WEIGHED ONE AND EIGHT TENTHS
 GRAMS (1.8G). THE MARIJUANA AND SEEDS ALONE WEIGHED THIRTEEN AND NINE
TENTHS GRAMS (13.9G). THE TOTAL WEIGHT OF THE DRUG BAG AND IT'S CONTENTS
 WEIGHED FORTY SIX AND FOUR TENTHS GRAMS (46.4G) AND WAS PLACED AT
BAYLOR PROPERTY ROOM BY DETECTIVE L. CANO #8142 ON TAG 057989D ;

 THE LIVE PLANTS AND BAGGIE OF MARIJUANA WERE WEIGHED SEPARATELY. A/O
DINH CHARGED A/P WITH THE COMBINED WEIGHTS.



            ***   END OF PAGE   5 **
```

(1) No weighting of item inside can was performed NOR every verified

(2) Can/Container was not properly finger painted, Analysis nor weighted As is mandate if it pretains to criminal element on cause as Allege by officers and State's Prosecutor At trial.

(3) Information stated Above was A fabrication of officers and not verified by State Prosecutor for ACCURACY [something that is correct and true] No Legal documentation to verify or cross-Reference.

(4) Trial pictures clearly showed inaccuracy with officer version of numbers of plants. [Trial court in several picture shows only "ONE" plant AS to OFFICER DINH COUNT OF "Live Plants". Fabrication

(5) Small Baggie of Allege marijuana was not/never Analysis, weighted OR tested at Resident on at Baylor's Lab. OFFICER CANO ADMITTED that NO such paper work for verification of above statement exist.
(1) Admitted fabrication of all claims As part of court Records.

(6) State fail to produce any Legal documentation to give proof of /to officers statements.

(7) State fail to be Able to produce container, item, legal document on such items that State claim was found in house and gave the police the Right to search entire home for more contrabands.

(8) Record of N.C.I.C. AND JISS AND Tlets [NO Prior Felony Conviction found-search did by Dallas Police Department]

# Argument-1

Appellant argues as did argued that the trial court's Ruling on the motion to suppress did not show any exigent cause NOR Any Reasonable circumstance to justify the officers entry into the home [to include driveway and garage] of the home, resident or property of homeowner or [Appellant] No exigent circumstances ~~that support the probable cause theory as is Required of State to bare the burden of~~ Showing that probable cause did exist at the time in which the Actual search was made and that ~~must proven by A reasonable prudent man proof~~ that such exigent circumstances Required officers Immediate Entry in the home uninvited, without first obtaining a mandated Writ or warrant as demanded by our 4th amendment guaranteed Rights. ~~The State failed to prove it's burden of showing that a writ of warrant was Impracticable due to the exigent circumstan or circumstances.~~ [see KENTucky v King – U.S. 131 S. CT. 1849]

Appellant argue that probable cause exists when reasonably trustworthy circumstances within the Knowledge of the police officer on the scene would cause him to believe or lead him (her) to reasonably believe that evidence of a crime or criminal act will be found specifical inside home or Resident. State fail in it's burden of proof to show if probable cause exists that the exigent circumstances was ~~Actually Present~~ OR were any exigent circumstance of such cause presented in trial as Required by the Supreme Court of the United States and THE Criminal Court of Appeals of Texas.

# Argument - 1

If probable cause exist, State needs to show in a clear, precise and Accurately stated in an exact definite strict specific trustworthy reasonably manner of the exigent circumstances believed or within the knowledge of the police officers on the scene would actually lead him (her) to reasonably come to think, have thought or preassume or suppose that a warrentless entry by officers who are and would be: (1) providing aid to persons who law enforcement reasonably believe are in need of assist or aid; (2) State fail to prove in precise exact definite reasonable cause there was reasonably exigent circumstances to believe protecting police officers from persons whom they reasonably believe to be present, armed and dangerous; (3) State fail to show or prove that [exigent] circumstance required immediate entry into home to prevent the destruction of evidence or contraband and that obtaining a writ of warrant at the time search was made, was totally impracticable because of the enumerate reasons, such as those held by our Supreme Court of the United States and by Texas own Criminal Court of Appeal, therefore, presenting conflict with both trial court ruling and Court of Appeal ruling in affirming founding or was it merely an perfunctory perform superficially done without care or interest to the necessary scope with bias indifferent to Appellant who Pro Se himself under the guaranty [an agreement that secures the existence and or maintenance of such Inalienable immutable God given Rights to the people] in which these right establish to protect the common man (woman) defense or right when encroach upon by such Intrusion and as wilfully and knowingly trespassing by officer

-2-

## Arguement-1

The State is Assuming an approach that would abandon the establish opinion and Ruling that require on the Requirement that the record affirmatively show by facts that reasonably indicate exigent circumstances that a defendant was hARboRiNg A seriously, armed and dangerous person. State fail to show any attempt by Appellant or individual inside house, was aware of their presence or that A defendant was actually Attempting to or would Attempt to, destroy evidence, A mandatory Requirement vital to the Supreme court of the United States holding in [King]. compare id. at 1856-57, [U.S.C.A. Const. Amen 4; Vernon's Ann Texas Const.1 § 9]

The State's Approach is Asking or seeking to abandon the strict ruling that record must show affirmatively that such facts was evident and that the facts would confirm and reasonably indicate exigent circumstances. State fail to prove such Required record facts, now State's is asking inference of State's interpretation that would permit a presumption [not fact or part of Record] be drawn that an person/occupant will attempt to shelter ANArm and dangerous criminal; to also presume in their own presumption that an occupant will automatically attempt to destroy illegal narcotics merely because he (she) possesses them and maybe Aware of the presence of police officer and there is claim by officer to be an odor of marijuana. Since officers had arrest Appellant under garage and securely handcuff Appellant Laying him and witness Roughly and forcibly to concrete on back drive way of property without warrant or consent form being signing, at the initial [the beginning; first] encounter with officer and Appellant meeting, no exigency Remains.

-3-

## Arguement - 1

State fail in it attempt to use officer Belief [reasoning] of Allege Felony in plain view [Allege contraband] does not present impracticability of obtaining mandated Required search warrent as ~~by~~ U.S.C.A. Const. Amon 4; VERNON'S ANN. TEXAS Const. 1 & 9 As an incident to the arrest the officers without writ of warrant to search property which held in [Chimel us California, 395 U.S 752] states and held that In the absence of a search warrant, the justifiable search incident to an in-home arrest could not extend beyond the arrestee's person and beyond the Immediate Imminent proximity [nearest, nearness, closest] or the area from within he (she) might have obtained a weapon — is distinguished [to perceive or show the difference; to characterize; to perceive clearly, precise ] As in a ~~warrant~~ naming person, place and distinguish area to be search and exactly what items or containment an its content to be search for. Also as an incident to the arrest the officer could as a precautionary matter look in areas in the Area Immediate proximity to arrestee such as A closet and other spaces in that Immediate Range of nearness [within arm Length] adjoining to the place of arrest from which an ~~seriously~~ arm and dangerous person might or possibly Attack could be Launched. A protective sweep As is concern in this case as in Chimel was concerned with a full-blown, top-to-bottom search [to include Attic] of entire house for evidence of the crime for which the arrest was to be made. Such A protective sweep [entry in home without exigent circumstance] ~~could~~ prevent officer from obtain A search warant is violation of 4th Amendment; Vernon Ann Texas Consti. 1 & 9 Requiring A Protective sweep to be justified by Reasonable probable cause.

## Arguement-1

Appelant argue that record show nothing in [King compare id, at 1862 which supports the States Approach and contention that a police officer who has probable. Reasonable sufficient cause to believe that there are illegal narcotics OR contraband in a home, may enter that home or that residency without FiRst obtaining a warrant even after he has Identified himself (herself) As an officer and made his (her) presence Known to the occupant, even if there is an noticeable odor such as marijuana, cocaine meth, etc... emaneting from the home itself. The State's proposed in it brief an approach which is ultimately premised or arguement upon generalization, Regarding the behavior of those individuals who are in possession of Illegical narcotics [drugs] namely, that those individual per se will most like take such action as presumed by State and Immediatly attempt to begin to destroy Any and all evidence if the police are at their door and an odor of such drugs as marijuana, meth cocaine, etc... fumes is presently coming from within home, motel Room, car, etc. Such an generalization of State's Approach is not outhorized by King see id, At 1862; U.S.C.A. Const, Amen 4; Vernon's Ann Texas Const. 1 & 9. The Supreme court did not Presume that possessors of narcotics or contraband would automatically destroy evidence upon learning that police presence was At there door, but instead held that only those occupants, who actual attempted to destroy evidence would be subject to A warrantless exigent circumstance NOR did the Supreme Court imply that A person who harbor A seriously Armed and dangerus criminal with out the attempting to harbor [shelter] such A person describe Above would then be subjected to A warrantless exigent circumstances search. Nothing in the trial Record give support to such exigent circumstances or attempt made by Appellant or individual within home.

# Argument-1

State fail most horrendously in it attempt that show no exigent circumstances which justified warrantless entry into home without Reasonably sound probable cause. It was the Ruling and opinion of the Supreme Court of the United States who Required and mandated that that record show proof of Imminent serious danger or attempts made by Appellant to harboring [providing shelter to A serious armed and dangerous person]. The Court required that the trial Record must show proof of Immient destruction of narcotics or contrabands based on Affirmative conduct display by those in possession of such narcotics [contrabands or Illegal drugs] in each particular case or A particular case.

State's fail to prove in it's brief that the circumstances did not show any attempt to habor A seriously armed and dangerous person; circumstances does not show An attempt to destroy or cause destruction in any way of Evidence Imminent at time of arrest, but show from State's own brief just the opposite of such an chance of destroying evidence since Appellant was in handcuffs and secured by officers. State fail to show or prove exigent evidence such was Lacking Is the mandatory additional evidence As discussed in [King, 131 S. Ct. At 1862] of Attempted or actual escaped Attempted, destruction of the evidence, Attempting to destroy the evidence or Attempt to harbor A seriously arm and dangerous person Inside one's actual home. The Supreme Court has mandate that they Require some evidence of [exigency] beyond mere Knowledge of police presence, police Belief and aware of Illegal Narcotics or drugs, that officers may claim to have smelled at that time.

-6-

## Arguement-1

The Court of Appeals founding directly conflict with the Eight Circuit Ruling and recently held that facts argubly more incriminating than those in the present case stated "Because the officers on scene [Believed] that a felony was being committed in plain view, the possession of a marijuane plants growing in the back yard in an enclose fence to home which is part of the effects listed in Appellant 4th Amendment. see King. [U.S. vs Ramirez, 676 676 F.3d 755, 761-63 (8th Cir. 2012).] Supreme Court of the United States concluding that mere circumstance of possession of narcotics or contraband did not justify the officers' warrantless entry into An Individual home, the court noted that the officers neither seen nor heard anything indicating that the occupants Needed officers to(1) providing aid to persons whom Law enforcement Reasonably believers are in need of any aid or assistance; (2) was there any Implication made of protecting police officers from persons whom they Reasonably believe to be present, armed and dangerous inside home nor were any threat Attempt from occupty inside home; (3) Neither did state offer up evidence that there was An exigency need to the preventing of the destruction of any evidence or any other contraband Allegedly found on premises. Neither in the case at hand did Court record show or observed that there was any attempt to Reclose garage door, no dead bolt lock being heard engaged, no toilet Flushing by occupants within huse or was A shower or faucet running and no shuffling noises or any kind of verbal threats emanerting from with home whatsoever; nor did the officers on scene have any information or give any indication that the Appellant of home Attempted to flee or Resist or escape in anyway; nor was there any indication that those or these individuals in home were armed and dangerous. The Court ALSO noted or pointed out in observation

-7-

# Argument-1

that when the police knock on a door, especially a door of a private Resident, but the occupants or Landowner chooses not to Respond or speak or maybe even choose to open the door and then close it, or when no one does anything incriminating, even if the odor of narcotics is emanating, entry into a home without a writ of warrant [a legal sign search warrant from the proper authorities "the officers must bear the consequences of the method of investigation into an incident they've chosen]. In the case when a defendant moves to suppress evidence based on a warrantless search, the courts has mandated as a Rule to law and evidence, that the state has the sole burden of showing or proving with precise and definite evidence that probable cause existed at the time of search was made and that exigent circumstances Requiring their Immediate entry made obtaining a warrant from the court "impracticable". As In the case before this Criminal Court of Appeal of Texas is when a police officers who wilfully and Knowingly chose to enter a home without a warrant merely because he believes, have a whim, had probable cause due to contraband of unknown untested plant In backyard inside 6 feet fence, smelled marijuana, and even if the officers Identified themselves to the occupant of the home is the Supreme Court ruling that such an entry into home is a violation of the U.S.C.A. Const. Amend. 4; Vernon's Ann Texas Const. 1 & 9. As Noted the entry into a home Also covers the commonly used "protective sweep" as cause and Reason for entry is also violation of 4th Amend because of home possibly could be harboring a seriously armed and dangerous person who may Launch an attack on officers from closet or any place within the close proximity of the arrestee. Supreme Court has Also deemed a violation of U.S.C.A. Const. Amen. 4; Vernon's Texas Const. 1 & 9.

-8-

# ARGUMENT-2

Appellant on appeal claimed that the trial court violated his Federal Constitutional Rights Amendment #4; Vernons Ann Texas Constitutional Rights [Texas Const. 1 §9] because the consent to search home was not freely and voluntarily given. In Schneckloth verse Bustamonte, the United States Supreme Court considered the definition of "voluntary consent" in the context of a search and seizure. id. At 219, 93 S.Ct. 2041. For consent to be a valid exception, however, that consent must be voluntary free of any and all violation or possible wrong doing, acts or manner of police officer [public servants]. When the subject of a search [the defendant, Appellant] is not in custody and the State attempts to justify such a search on the basis of his (her) consent, the Court views the Fourth and Fourteenth Amendments require that it demonstrate that the consent was involuntarily given and not the result of any duress or verbal coercion or physical coercion, express or implied in it's context or demeanor displayed by the officer or officer on the scene of arrest. See Schneckloth us Bustamonte 412 U.S. at 248, 93 S.Ct. 2041. Appellant argued before trial court and now before this Criminal Court of Appeals that the consent to search appellant's home or house was not voluntary under the "totality of the circumstances" in it's true scope according to the Rule of Law and evidence. In such support of the err of discretionary Abuse by trial court and on founding of Court of Appeal the intermediary this Appellant presents the following as the result of discretionary err on the behalf of trial court and upper intermediary Court of Appeals.

- 9 -

# Arguement-2

Appellant offer As support of court wrongdoing the following Reasons: (1) As A fact of matter of Record that Appellant was arrest At gunpoint by several officers; (2) that Appellant was As A fact of matter of Record handcuffed At the initial contact under garage and forcibly and excessively Lay Appellant on ground outside; (3) and that as fact of matter As Record will show that the police had already searched Appellant garage, house and vehicle and use the phrase "A protect sweep" afterward As A Reason to enter house looking for drugs and to gain Asset to enclosed backyard of house who owner is A single female on Deed of Trust; as Appellant did not Beside, occupy and Live as A tenant In the Resident, Appellant was in fact A vistee of home at the time of arrest, was there at Residency due to Heart Attack in which he was care for At [V.A. Hospital] on Lancaster In Dallas County. Appellant Is An Honorable Discharge veteran who has and did serve his country Honorably for 14 yo, and was injuried in combat (Desert Storm) in the Line of Duty. Freedom is not easy, nor is it even free. As A Result of officer Advancement unto property without legal search warrant or being invite by owner or vistee, officers did wilfully and knowingly make a choice to violate Appellant U.S. C.A. Const. Amen 4; Vernon's Ann Texas Const. 1 & 9 base solely on A whim or Belief or hunch. The Appellant argues that the trial court did not look at the scope in it's [Indicia of Reality] base on the "totality of circumstances" but solely on judges prefered bases which was bias, probative and had the attenuate of prejudice toward Appellant. My whole Life people have told me what I could not do, and I did listen instead of following me heart and my dreams, but today I stand up For the common man (woman) who are not brave enough or daring enough to walk on A dream For I know that dreams are what makes Life tolerable.

## Argument 2

Appellant comes before this esteem Criminal Court of Appeals seeking justice As the Rule of Law and Evidence would present itself. The Rule of Law and evidence that is Applicable to Reasonable And fairness in it's Aim to Always be equally disburse. Failing to show exigency as it Applies to the establish Rules and Regulation set before you and me by those we called fore-Father. I present to you what my cause Actually Rest upon. "In my own words I ask only to Read these true words of fact and let your higher power guide your due diligence As I begin with our preamble "Are the Legal Lawful citizen of this country A part of a generative system of Law that fall far of what It's original design. Are the people Rights to be secure in their person, house, paper, and effects, Against Any and all unReasonable Searches and Seizures, Shall not BE violated and no warrant shall issue, but upon probable cause (Reasonableness) supported By oath of Affirmation and particularly describing the place to be search and the person or things to be seized. Is such castigation of guaranteed Right to be up held by the overseebers and guardian of the common man or woman Rights, who oath mandate such protection owed to what our constitutional preamble original design and not to A system built on such Abuse of official power and the bullying and coercion of the common man (woman). The Law being used to Actually prosecute this Appellant is speak unconstitutional vague in it's own Argument, Not support by needed exigent

It is Amazing how the lower courts forget this opening: Ville the people of the United States in order to form a more perfect union establish justice insure domestic Tranquility provide for the "common man (woman)" from such unReasonable Intrusion and trespassing merely on the hunch whim or Inchoate of one's thoughts or beliefs with out the Required

# Argument 3

Warrant sign by the proper authority. Was not these inalienable rights immutable for it original design to all mankind. Does this Criminal Court of Appeal condone the conviction of an man innocent of possession of A (single) marijuana plant growing in the back yard of someone elses property. Does the person who is a first-hand witness details of actual events counts. Is the Highest court in Texas to be mislead and deceive by the disguise of contrive rhetoric used by the trial court prosecutor.

According to U.S.C.A Const. 4; Vernon's Ann Texas Const. 159 No one is to be tried or have a trial without All of the unknown answered such as: (1) Who own's the property in question; (2) Is there an real [Eligency] to stop officer from getting or obtaining the proper authoritive mandated legal writ of warrant to come onto privately own property because officer believe a felony is taking place in plain sight And threaten occuptants, guest and other who maybe at the time of incident merely present at the residency; (3) To preserve is to keep up something, maintain — (In law) to continuously argue steadfastly; (4) To argue in court for four (4) days and unwilling to give up; (5) OFFICER committt perjuay on stand (witness stand) Judges said they made a mistake he know what they meant; (6) D.A. allowed to give erroneous extraneous act that were all dismiss (Judge allowed D.A. to call defendant A convicted Felony in jury presence and when Appellant Object Judge over-rule his Argument that he had no felony conviction only felony charges that were all dismiss in a court of such authority and power; (7) search of park vehicle

## Argument 3

Appellant argues As A result of officer Admitting that he did open up a close tin greenish-golden can that was not transparent to see the item stored inside which is a very serious Issue that clearly violates A person U.S.C.A. Const. 4 Amend, Vernon's Ann. Texas. Const. Art 1. § 9. OFFIcer Admits on cross-examination that he as A Result of Another officer telling him that the container did as A fact of matter have some type of contraband within it, shows that upon the Allege "protective sweep" of the first wave of officers, they as A fact of matter did "perform A search" of entire interior of home. This container greenish-gold in color was not in owner's home, when Narcotic's Division search home, but for cause Asking where did it come from and who brought it in to home the day of incident leading to Arrest of Appellant, was as of the Result of contraband found inside home, from illegal search

Appellant argues that preservation of Issues were preserved in the face that according to the Rule of law that even though Appellant [Pro Se counselor] did not cite to form 4th Amendment Issues such as (1) add oddition fact finding; (2) "protective sweep"; (3) preserve for Appeal in his steadfast continous Argument declare his objection both by oral and written motions, both Judge and prosecutor Knew exactly As A fact of matter what Pro Se counselor meaning conferred. Appellant opposition clearly was noted on the matters by Judge of trial court when he set the Issue(s) of matter(s) for Appeal himself in his famous "housing keeping dialog" which is part of trial Recorded record. State's prosector fail to bare burden of Proof, but instead wants the courts to infer such interpretation to their understanding to lessen the Arguement in trial court About the "Issues of matters" at hand As spoken by trial judge and Appellant argument [Thomas vs State (App 7 Dist 2012) 379 S.W.3d 936

# Argument 3

Appellant points to [Jarvis vs State (App 2 Dist 2011) 353 S.W. 3d 253] petition submit for discretionary review failed because Defendant failed to preserve (continue arguement) for Appeal Review his contention that the trial court erranding by failing to ask if he had anything to say before Imposing sentence, which Appellate claimed was As A result A direct violation or in violation of his common-law Rights to Allocution prior to the Senting As well As codes of criminal procedure, where the defendant failed to bring either of these Issues before trial court by proper Objection or in motion form. Appellant did in fact do both object and by motion form [see record]

On the begining of Appellant Trial he did both orally and by motion pose objection in proper form before trial Judge and all through trial did Appellant object to the following vehemently and most vigorly :(1) the entry into garage, back drive way which Leads to garage, guns drawn on the Appellant with out a criminal activity or crime in process or act;(2) the entry in to garage [the second time] knocking on door that lead to Interior of home back living Area;(3) the placing handcuffs on owner of property with out cause, without search warrant or consent form;(4) the actual entering into home Frightening [as to cause fear] in both young daughter Makayla (6yr) and Mariah (7yr) with gun drawn and pointed directly at minors who were awoken out of Sleep by the uninvited intrusion and trespassing of all officers on scene wilfully and Knowingly that there was no serious armed and dangerous subject inside home;(5) the unlawfullness of entry that proceeded into A full-blown top-to-bottom search of entire home [to Include ortice] all with out Search warrant or Consent form;(6) Refused to present owner or Appellant with sign search warrant when vehemently Requisted or ask for

-13-

# Argument 3

As a veteran we have paid a major price for our country, is the treatment of any citizen wrongfully charge and prosecuted solely on the whim hunch or belief of those who are suppose to Protect and serve those helpless citizen to trample on the establish rights that are inalienable as they are Immutable to All of the country native born as it is to those who have gain their citizenship through the proper means or VENUES.

In the cause before the Court it is known and has been decided by our Supreme Court of the United States that the mere present of narcotics or contraband [one single marijuana plant growing in back yard] does not excuse the mandated necessary Requirement of a sign writ of warrant from the proper Authorities [judge, commissioner, etc.] Appellant points to the vagueness of such Ambigous potentiality of superfacial claim of the State Adduced is shocking as it is illegal and tactfully done. Appellant points to the consent from used in trial was tainted by Appellant being in hand cuffs surrounded by several officers [one officer actual was standing behind Appellant holding tightly and adamantly aggressively Appellant pants and shirt] which is part of court Record as present by D.A. to jury as part of evident to prove that Appellant sign a consent form on camera under Arrest implied that probable cause for duress, coercion and fear of possible threat whether verbally or physically if is All immently possibly do to the officer choice of tactic which they must bare the burden of it fault.

Also on court Record and recorded video of trial officers allowed to commit perjury and trial court Judge said they simple made a mistake even though all three officers were under Oath to tell the truth, Appellant cross-examination force officers to Recant their earlier state to D.A. [NO scale found NO slide doors, NO patio was seen in pictures — 14 —

# Arguments

It is very important to note that in Reasor v State of Texas that the illegal entry did not produce any additional evidence which could be used and was used against Appellant. Nor did the illegal entry cause officers to discover any other participants. If such an Illegal entry had produce any such addition evidence it would have been "Fruit of A poisonous tree" which is not admissible into court. Because of illegal entry into home officer claim to discover a small greenish-gold can with 2 very small corner of seeds in a clear baggie with about 10 seeds In each baggie. Also was Allege to be found was a very tiny baggie of marijuana also in can. None of the items in can was weighted, tested or produce at trial, upon Appellant Request. Appellant Also Requested the finger prints from can and the test Result from can which was never produce, still Judge Allow picture of untested items to be shown to the jury as evidence. State never proved that Appellant was owner of land/home.

The [single] plant Recovered in backyard was not tested on property so the police officer only guess that the plant could be A marijuana plant in which I argued I did not know what it was, it could have been [Hemp growing] used to make clothes and canvas for sail boats. [No Miranda sign at initial arrest.]

Also A defected Recorder was used in trial in which Appellant objected but Judge over-Rule saying he would allow all evidence D.A. brought forth all over the objective of Pro Se counselor. Appellant did Ask court D.A. To produce A WORK ORDER for such a defected in squad car in-car video/audio Recorder As did Judge again Intervene/over-Rule objection and said he would Allow it, even if it was defected. Also Indictment statement "Black male growing marijuana plant (one) in [his] backyard. Appellant has no ownership to property so custody, care, control and management as well as charge should not have been place on Appellant.

## Prayer For Relief

FOR the reasons stated above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Discretionary Review.

Respectfully submitted

Theodore Roosevelt Arthur

B.I.N. # 14017194

Dallas County Jail

P.O. Box 660334

Dallas, Texas, 75266-0334

## CERTIFICATE OF Service

The undersigned Appellant/Petitioner hereby certifies that a true and correct copy of the foregoing Petition for Discretionary Review has been mailed, U.S. mail, postage prepaid, to the Office of the Criminal District Attorney for _____ County, and mailed via U.S. mail, to the office of the State Prosecting Attorney _____, on the ____ day of July 2015.

Theodore Roosevelt Arthur

Appellant/Petitioner



# WELCOME

TO THE OFFICIAL WEBSITE OF DALLAS COUNTY, TEXAS

Today is Sunday, May 4, 2014



## Record Detail



**Name** THEODORE, ROOSEVELT

**Address** ,

**Citizenship** NONE

**Race** Black

**Sex** Male

**DOB** 1963-06-18

**Attorney Name**

**Jail Location**

**Tank Location**

**Bookin Number** 14017194

**Bookin Date** 2014-03-21 05:00 PM

Criminal Background

**Charge** DISPOSITION - POSS MARIJ >5LBS<=50LBS

**Bond Amount** 0.00

**Warrant Number** F1258513J

**Case Number** F1258513J

**Magistrate** Carlsen, Candace

**Bond Forfeiture** N

**Bond Held**

**Bond Remark** ,

**Hold** Agency ID:

**Bond Amount** 0.00

**Charge** POSS MJ > 5 LBS — *Less than 5Lbs misdemeanor Not felony [sentence 5yr TDC-J]*

**Warrant Number** F1258513

**Magistrate**

**Remark** HF TDC

**Total Bond Amount:** 0.00 * **as of 2014-05-04 21:13:11.959**

*Total bond amount excludes holds from other jurisdictions

New Jail Lookup         Back

usable quantity of marijuana — knowingly or intentionally possessed

Penal 28.05; 31.10

**Affirmed and Opinion Filed June 15, 2015**

In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-14-00439-CR

---

### THEODORE ROOSEVELT ARTHUR, Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-1258513-J**

---

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Schenck
Opinion by Justice Bridges

Theodore Roosevelt Arthur appeals his conviction for possession of marijuana in an amount of fifty pounds or less but more than five pounds. A jury convicted appellant, and the trial court sentenced him to six years' confinement.[1] In five points of error, appellant argues the trial court erred in finding he gave consent to a search, refusing to suppress the contents of a "tin can," refusing to instruct the jury on a lesser-included offense, failing to instruct the jury to disregard the evidence if it found appellant did not consent to the search, and failing to instruct the jury to disregard evidence it found to be outside the scope of the consent to search. We affirm the trial court's judgment.

---

[1] The record contains the State's notice of extraneous offenses advising appellant that evidence of the following crimes, wrongs, or acts might be introduced at trial: assault of a public servant, possession of a controlled substance, two possession of a dangerous drug offenses, two deadly conduct offenses, assault causing bodily injury--family member, and two violation of a protective order offenses.

Dallas police officer Karen Eguia testified she was dispatched to a residence in Dallas on July 27, 2012 because an anonymous caller reported that the residents were "growing a marijuana tree in the backyard and the only way to see it would be through the alley." Eguia and her partner drove down the alley behind the residence and saw a marijuana plant growing more than six feet tall in the backyard. Eguia and her partner parked and got out of their patrol car. Eguia could smell the odor of marijuana, which she described as "like a skunk." Eguia called her sergeant, M. Irizarry, who arrived on the scene shortly thereafter and verified that it was marijuana growing in the house's backyard.

Eguia heard the house's garage door open, and she and the other officers drew their guns for officer safety because they did not know who was on the other side of the garage door. Eguia saw appellant and another person trying to get in the car that was parked in the garage. Appellant and his companion complied with commands to come out to the driveway and get down on their stomachs. Officers handcuffed them. Appellant's wife, Jessica Turner, opened the door leading inside the house from the garage. Irizarry asked Turner if there were other people inside the house, and Turner said "her children and her father" were inside the house. Irizarry asked Turner for her consent to conduct a protective sweep of the house, and Turner consented. While Eguia waited outside, Irizarry and another officer conducted a protective sweep of the house "to check for people and any danger." The protective sweep lasted "less than a minute." Inside the house were appellant's wife, Jessica Turner, two little girls and an older man. Also during the protective sweep, Irizarry "saw seeds" in plain view with a digital scale on a desk. Irizarry spoke with Turner, and Turner filled out and signed a form indicating her consent for officers to search the house. Appellant also signed a consent to search form.

Dallas narcotics Detective Lucio Cano arrived and searched the house. Cano found "multiple" marijuana plants behind the house. Inside, he found a "greenish tin cup" that he

–2–

opened and found a bag of marijuana seeds and a bag of "ready to smoke marijuana." Cano confiscated the contents of the tin cup, and he and other narcotics detectives uprooted and bagged the live marijuana plants in the backyard. Appellant was indicted on a charge of possession of marijuana in an amount of fifty pounds or less but more than five pounds.

At trial, appellant elected to represent himself pro se. The trial court appointed standby counsel. Appellant filed a pretrial motion to suppress. At the end of voir dire, appellant stated his motion to suppress "was because [of] two things: No consent and they opened up a container in my house that was closed. And they got pictures to prove it."

At the hearing on appellant's motion to suppress, the prosecutor characterized the issues as the consent to search and the small metal container found in appellant's house. Eguia, the State's only witness at the hearing, testified to the events surrounding the search of appellant's house and appellant's and Turner's signing of consent to search forms. The State also introduced a video recording of appellant and Turner signing the forms.

Appellant called Turner as a witness, and she testified she signed the consent form because she "felt threatened" and "they threatened to take my children away." Turner testified she requested a search warrant, and her consent "was not freely." Appellant testified his consent was "forced" and officers kicked him in the head and stepped on him while he was lying on the ground. Appellant testified one officer said, "if you sell drugs in this state, you will sell drugs for me." Appellant testified officers "literally stood on top of [appellant's] back to look over the fence to look at the so-called alleged bush." Appellant claimed he made statements at the time he signed the consent form that he "signed under duress" and he was "totally against this consent without a search warrant."

During cross-examination, the State played a video of appellant's interview at the police station with Detective Dinh. In the video, appellant stated he knew the marijuana plant was a

"weed" plant, but he dug it up and tried to kill it. Appellant told Dinh he did not consent to the search at first, but agreed to sign a consent form if Turner also agreed to consent. The prosecutor asked appellant whether he told Dinh about officers abusing him, and appellant testified he "told the detective [he] was assaulted and . . . excessive force was used." However, the video did not show appellant claiming he was abused. In response to questioning regarding this discrepancy, appellant testified he "told the officer before that." black officer pointed

In response to appellant's insistence that he told a different officer about the abuse, the State played a video of appellant speaking with another officer. The video did not support appellant's claim that he spoke about abuse. Appellant testified the version of the video he "left at home" showed "that officer clearly said, 'We went in your house. We didn't find anything.'"

Appellant stated he had "another thing" and requested a picture of "a gold can on top of a glass table with a top on it, closed." The picture of the closed container was produced, and appellant testified: "That's the container that was not found in my house because I don't use that. That container came up in my house. The narcotics team searched my house. Why didn't they find that? And it was in my house. And there's it with the top open here, Your Honor. It is closed." Appellant testified the container "was not in [his] house before the officers came."

At the conclusion of the hearing, the trial court announced that the motion to suppress was denied and orally found appellant's and Turner's consent was freely and voluntarily made, and the subsequent search of the house was constitutionally legal.

The next day, before trial resumed, the trial court clarified that it had disposed of all of appellant's motions and made the following statement:

> While I've got the floor on the consent issue, let me make these – dictate these preliminary findings of fact and conclusions. I'll make written ones if requested to do so. I so find, as I have, consent by Mr. Arthur and/or his wife to the search was freely and voluntarily given without coercion or threats. I base this on the – considering all the evidence in the motion to suppress hearing and reasonable deduction from that evidence. I resolve credibility issues in favor of the State's

–4–

witnesses, who testified that these consents were secured without coercion. I'm well aware of the defendant's own testimony and his wife's testimony that raised this issue. However, in considering testimony but also the video without sound of the consent procedure at the alleyway of the defendant's residence and also his interview which was recorded in I assume Dallas County Jail, City Hall, two different police officers where I do not see any evidence of his alleged abuse or coercion or threats or physical violation and there being no other evidence to that effect. So I weighed all that in making these determinations. So I did find consent was freely and voluntarily given, so the issue on these matters is preserved for any appeal. Mr. Arthur, in the event you're convicted and desire to appeal. I believe you've – issues have been properly preserved.

Appellant did not object to the trial court's findings and did not request additional findings.

Eguia, Irizarry, and Cano testified regarding the marijuana in appellant's back yard and the subsequent search pursuant to the consent of appellant and Turner leading to the discovery of marijuana inside the house. Turner testified she asked for a search warrant, but "no one ever responded." Turner testified she signed the consent form because she "felt threatened." In his closing statement, appellant argued he tried to destroy the marijuana plant and did not know what it was. The jury convicted appellant, and this appeal followed.

In his first and second points of error, appellant argues the trial court erred in denying his motion to suppress. Specifically, appellant complains the trial court could not have found that Turner consented to the "protective sweep" of the house as Irizarry testified. Because it would be an abuse of discretion to conclude Turner consented to the protective sweep, appellant argues, the resulting discovery of marijuana seeds and scales were fruit of the poisonous tree. Further, appellant complains of the opening of the container in which marijuana was found.

Appellant did not raise the issue of consent to the protective sweep at trial. Further, though appellant mentioned the container being "closed," his arguments concerning the container all centered on his theory that police put the container in his house, and the container was not in his house before police came. Appellant's points of error on appeal do not comport with his objections and arguments at trial. Thus, no error is preserved for our review. *See* TEX. R. APP. P.

–5–

33.1(a)(1); *Cantu v. State*, 830 S.W.2d 166, 170 (Tex. App.—Dallas 1992, no pet.). We overrule appellant's first and second points of error.

In his third point of error, appellant argues the trial court erred in failing to instruct the jury on lesser-included possession offenses. Appellant did not object to the court's charge on the basis that it lacked a lesser-included offense instruction, and he did not request such an instruction. We conclude this issue is also waived. *See* TEX. R. APP. P. 33.1(a)(1); *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010). We overrule appellant's third point of error.

In his fourth point of error, appellant argues the trial court erred in failing to instruct the jury, pursuant to article 38.23 of the code of criminal procedure, to disregard the evidence if it found appellant refused to consent to the search.

The court's charge instructed the jury to disregard the evidence if it failed to find beyond a reasonable doubt that Turner consented to the search. At the charge conference, appellant objected to this instruction and stated the instruction "should be Ms. Turner and Mr. Arthur and instead of Ms. Turner." The trial court responded that there had been no evidence raised before the jury regarding appellant's consent or lack of consent. The trial judge noted that "We heard extensively in front of the Court" but the issue was not raised in front of the jury. To raise a disputed fact issue warranting an article 38.23 jury instruction, there must be some affirmative evidence that puts the existence of that fact into question. *Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007). Because there was no such evidence putting the existence of appellant's consent into question, the trial court did not err in leaving appellant's name out of the article 38.23 instruction. *See id.* We overrule appellant's fourth point of error.

In his fifth point of error, appellant complains the trial court erred in failing to instruct the jury to disregard evidence it found to be outside the scope of the consent to search. Appellant

−6−

did not request an instruction regarding the scope of the consent. Accordingly, this issue presents nothing for our review. *See* TEX. R. APP. P. 33.1(a)(1). We overrule appellant's fifth point of error.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2(b)

140439F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–7–

# Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

THEODORE ROOSEVELT ARTHUR,
Appellant

No. 05-14-00439-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1258513-J.
Opinion delivered by Justice Bridges.
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered June 15, 2015.

–8–

NO. F-1258513-J

| | | |
|---|---|---|
| ** | § | IN THE COURT OF |
| | § | |
| v. | § | CRIMINAL APPEALS |
| | § | |
| THE STATE OF TEXAS | § | OF TEXAS |

## PRO SE MOTION REQUESTING LEAVE TO FILE AN ORIGINAL COPY ONLY OF THE PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

COMES NOW the Appellant/Petitioner in the above-styled and numbered cause and respectfully moves this Honorable Court to grant leave to file an original copy only of the Petition for Discretionary Review and in support thereof would show to the Court the following:

1. The style and appeal number in the Dallas Court of Appeals is: Theodore Roosevelt Arthur v. The State of Texas, Appeal No. 05-14-00439 -CR.

2. The Appellant/Petitioner moves that, pursuant to Rule 2, Texas Rules of Appellate Procedure, this Court suspend Rule 9.3(b), Texas Rules of Appellate Procedure, that requires the filing of eleven (11) copies of the Petition for Discretionary Review with the Court.

3. The facts relied upon to show good cause for this request are, as follows: The Appellant is indigent and incarcerated and does not have access to a photo copier. The Appellant is presently not represented by counsel and intends to file a Pro Se Petition for Discretionary Review.

**WHEREFORE, PREMISES CONSIDERED,** the Appellant/Petitioner respectfully requests that this Honorable Court grant leave to file an original copy only of the Petition for Discretionary Review with the Court.

**Respectfully submitted,**

Theodore Roosevelt Arthur 33° :•
**[Name and Address]**

## CERTIFICATE OF SERVICE

The Appellant/Petitioner hereby certifies that a true and correct copy of the foregoing Motion has been mailed to the Office of the Criminal District Attorney for Dallas County, Texas , and mailed via U.S. mail, to the Office of the State Prosecuting Attorney, Marian Elmore , on the 9 day of July , 20 15.

Theodore Roosevelt Arthur 33° •:•
**[name]**

NO. F-1258513-J

| | | |
|---|---|---|
| ** | § | IN THE COURT OF |
| | § | |
| v. | § | CRIMINAL APPEALS |
| | § | |
| THE STATE OF TEXAS | § | OF TEXAS |

## PRO SE MOTION REQUESTING LEAVE TO FILE
## AN ORIGINAL COPY ONLY OF THE
## PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

**COMES NOW** the Appellant/Petitioner in the above-styled and numbered cause and respectfully moves this Honorable Court to grant leave to file an original copy only of the Petition for Discretionary Review and in support thereof would show to the Court the following:

1.      The style and appeal number in the Dallas Court of Appeals is: Theodore R. Arthue v. The State of Texas, Appeal No. 05-14-00439-CR.

2.      The Appellant/Petitioner moves that, pursuant to Rule 2, Texas Rules of Appellate Procedure, this Court suspend Rule 9.3(b), Texas Rules of Appellate Procedure, that requires the filing of eleven (11) copies of the Petition for Discretionary Review with the Court.

3.      The facts relied upon to show good cause for this request are, as follows:  The Appellant is indigent and incarcerated and does not have access to a photo copier.  The Appellant is presently not represented by counsel and intends to file a Pro Se Petition for Discretionary Review.

**WHEREFORE, PREMISES CONSIDERED,** the Appellant/Petitioner respectfully requests that this Honorable Court grant leave to file an original copy only of the Petition for Discretionary Review with the Court.

**Respectfully submitted,**

Theodore Roosevelt Arthur 33°
**[Name and Address]**

**CERTIFICATE OF SERVICE**

The Appellant/Petitioner hereby certifies that a true and correct copy of the foregoing Motion has been mailed to the Office of the Criminal District Attorney for DALLAS County, TEXAS , and mailed via U.S. mail, to the Office of the State Prosecuting Attorney, SUSAN HAWK , on the _____ day of July , 2015.

Theodore Roosevelt Arthur 33°
**[name]**

THEODORE Roosevelt ARThUR-33° Mason
T.IN.14.0.15194
Dallas County Jail
P.O. Box #660334
Dallas, Texas, 75266-0334

Criminal Courts of Appeals
Supreme Court Bldng
PO Box 12308
Capital Station
Austin TX 78711

FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES
$ 02.96°
02 1R
000 2010651   JUL 14 2015
MAILED FROM ZIP CODE 75202